UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EHLERS, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-1569 DB P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated California law and acted in retaliation. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and her[1] complaint for screening (ECF No. 1).  For the reasons set forth below, the undersigned will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

---

[1] Plaintiff has identified herself as a transgender female (ECF No. 1 at 3), accordingly, where a pronoun is used to identify plaintiff, the pronouns "she" and "hers" will be used.

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges the events giving rise to the claim occurred while she was incarcerated at California State Prison, Sacramento. (ECF No. 1 at 1.) Plaintiff has identified the following defendants: (1) Ehlers; (2) Park; (3) Henry; and (4) Scotland. (Id. at 1, 2.)

On Tuesday July 19, 2022, at 12:45 p.m. plaintiff was escorted to Facility B Salley Port Holding Cage for suicide watch to await a mental health evaluation to determine whether she would need placement in a mental health crisis bed. (Id. at 3.) During that time, plaintiff was subjected to a strip search. Plaintiff states that as a transgender woman she does not submit to strip searches in front of male officers. Plaintiff reminded officer Ehlers (a male officer) of this, but he stated, "this is the privilege you get for not being a convict." Plaintiff stated she knew where it would lead if she were to push or protest. (Id. at 3.)

Plaintiff further alleges that on July 19, 2022, officers Henry (a male officer) and Parks (a female officer) "participated in the illegal act of violation of my constitutional rights per California Senate Bill 132 . . . ." (Id. at 4.) This violation appears to refer to the same search described above. Plaintiff states that as a result of defendants' conduct, she was vulnerable to exposure of [her] body to males." (Id.)

Plaintiff states that she filed a CDCR 602 appeal regarding staff misconduct. (Id. at 5.) Plaintiff alleges Associate or Assistant Warden, Mr. A Scotland "totally fully completely condoned the illegal/unlawful act of Mr. Ehlers who violated plaintiff's right to have a female officer present" while submitting to an unclothed body search. (Id.) She further states officers Henry and Parks allowed it to occur even though they were aware of her preference. (Id.)

**III.   Does Plaintiff State a Claim under § 1983?**

    **A.  Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment of a person convicted of a crime. U.S. Const. amend. VIII. "The Constitution [] 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349). Whether a specific act constitutes cruel and unusual punishment is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state

4

of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298, 303).

In order to state an Eighth Amendment claim for an allegedly inappropriate body search, a plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. Jordan v. Gardner, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not enough). The Ninth Circuit has further stated that

Searches may violate the Eighth Amendment if they are conducted in a manner "devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society . . . ." Olive v. Harrington, No. 1:15-cv-01276 BAM (PC), 2016 WL 4899177, at *5 (E.D. Cal. Sept. 14, 2016). While "cross-gender searches, without more, do not violate the Eighth Amendment, '[s]earches by members of the opposite sex have been found in certain circumstances to violate the Constitution.'" Fisher v. Federal Bureau of Prisons, 484 F.Supp.3d 521, 539 (N.D. Ohio 2020) (citations omitted); see also Renee v. Neal, NO. 3:18-CV-592 RLM MGG, 2018 WL 3861610 (N.D. Ind. Aug. 13, 2018) (finding cross gender strip search of transgender inmate did not violate the Eighth Amendment because there was an institutional security purpose to the search).

The allegations in the complaint indicate that plaintiff subjected to a cross-gender search even after advising defendant that as a transgender woman she does not submit to strip searches in front of male officers. However, in order to state a potentially cognizable Eighth Amendment claim, plaintiff must plead additional facts explaining how the circumstances of the search amounted to the unnecessary and wanton infliction of pain.

**B. California Senate Bill 132**

Plaintiff has stated facts alleging that she was ordered to submit to an unclothed body search by a male officer in violation of California Senate Bill 132. (ECF No. 1 at 3-4.) Senate Bill 132 was signed into law and codified as California Penal Code §§ 2605 and 2606.[2] Beverly

---

[2] See also https://www.cdcr.ca.gov/insidecdcr/2020/09/29/governor-newsom-signs-senate-bill-132-to-respect-gender-identity-during-incarceration/.

v. Orange County Sheriff, No. 8:20-cv-00797 JGB (SP), 2021 WL 5911666, at * 9 (C.D. Cal. Sept. 21, 2021). "Among other things, it provides for transgender inmates to be housed and searched consistent with their gender identity." Id. Relevant here, California Penal Code § 2606(a)(2) states that an "individual incarcerated by the Department of Corrections and Rehabilitation who is transgender . . . shall . . . be searched according to the search policy for their gender identity or according to the gender designation of the facility where they are housed based on their search preference." However, any violation of state tort law, state regulations, rules and policies of the department of corrections, or other state law is not sufficient to state a claim for relief under § 1983. See Paul v. Davis, 424 U.S. 693 (1976); Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). Accordingly, plaintiff has not stated a potentially cognizable claim based on officers' violation of California law.

### C. Review of Inmate Grievance

Plaintiff appears to claim that defendant Scotland violated his rights based on Scotland's handling of plaintiff's grievance. (ECF No. 1 at 5.) However, "inmates lack a separate constitutional entitlement to a specific grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (actions in reviewing an inmate's grievance generally cannot serve as the basis for liability under § 1983); Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) (ruling against an inmate in a grievance does not cause or contribute to a rights violation). Accordingly, the allegations regarding Scotland's handling of plaintiff's grievance fail to state a potentially cognizable § 1983 claim. In any amended complaint, plaintiff should state facts explaining how Scotland participated in the alleged rights violations.

### IV. Amending the Complaint

As set forth above, the compliant does not state a cognizable § 1983 claim. However, plaintiff will have the opportunity to file an amended complaint. Plaintiff is advised that in an

amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If

////

plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 2, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mill1569.scrn